# In the United States Court of Federal Claims

No. 21-2170C

(E-Filed:  January 6, 2022)

**NOT FOR PUBLICATION**

|  |  |  |
|---|---|---|
| BENNY LEE WILLIS, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Pro Se Complaint; <u>Sua</u> |
| v. | ) | <u>Sponte</u> Dismissal for Lack of |
| | ) | Subject-Matter jurisdiction, |
| THE UNITED STATES, | ) | RCFC 12(h)(3). |
| | ) | |
| Defendant. | ) | |
| | ) | |

<u>ORDER OF DISMISSAL</u>

The following filings are currently before the court in this matter:  (1) the complaint of pro se plaintiff Benny Lee Willis, ECF No. 1, filed November 9. 2021;  and (2) plaintiff's motion for leave to proceed <u>in forma pauperis</u> (IFP), ECF No. 2, also filed November 9, 2021.  Because the court lacks subject-matter jurisdiction over plaintiff's claims, the court must dismiss this case <u>sua sponte</u> pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC).  <u>See</u> RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  The court's jurisdictional analysis is set forth below.

I.     Background

Plaintiff's complaint is comprised of two distinct parts.[1]  The first part is a thirty-one page hand-written complaint.  <u>See</u> ECF No. 1 at 1-3.  The second part is a compilation of exhibits to the complaint, which primarily includes filings and case information from prior cases involving plaintiff.  <u>See</u> ECF 1-1.

In the complaint, plaintiff focuses on decisions dismissing, and affirming the dismissal of, plaintiff's previously filed complaint by the United States District Court for the Northern District of Illinois and the United States Court of Appeals for the Seventh

---

[1]     In addition, a civil cover sheet is attached to the complaint.  <u>See</u> ECF No. 1-1.

Circuit.  He claims the courts committed fraud by issuing decisions with "fabricated evidence," including a "cancelled criminal arrest warrant," and that in doing so the courts violated plaintiff's constitutional rights.  ECF No. 1 at 1-2; see id. at 27-28 (claiming that the federal courts violated his rights under various amendments to the United States Constitution, including the right "to petition the Government for redress of grievances" under the First Amendment, the right to due process under the Fifth Amendment, and the right to be free from "cruel and unusual punishment," the right to a jury trial under the Seventh Amendment, and the right to "equal protection" under the Fourteenth Amendment).

Plaintiff asks that the court exercise its "'equity jurisdiction'" to adjudicate his claims, and demands compensation in the amount of $32 million.[2]  See id. at 26 (asking the court to exercise its equitable jurisdiction), 27 (demanding $1.5 million), 28 (demanding an additional $3.5 million in two paragraphs for a total of $7 million); 29 (demanding an additional $2.5 million in one paragraph and an additional $10.5 million in a second paragraph); 30 (demanding an additional $3.5 in three paragraphs for a total of $10.5 million).

II.    Legal Standards

    A.    Pro Se Plaintiffs

Plaintiff is proceeding pro se and is therefore entitled to a liberal construction of his pleadings.  See Haines v. Kerner, 404 U.S. 519, 520 (1972) (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers") (citations omitted).  Pro se plaintiffs are "not expected to frame issues with the precision of a common law pleading."  Roche v. U.S. Postal Serv., 828 F.2d 1555, 1558 (Fed. Cir. 1987).  Accordingly, the court has examined the complaint and plaintiff's briefing thoroughly to discern all of plaintiff's claims and legal arguments.

    B.    Dismissal for Lack of Jurisdiction

Pursuant to the Tucker Act, this court has the limited jurisdiction to consider "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied

---

[2]    Plaintiff requests that if this court is unable to exercise jurisdiction in this case, that "his complaint be forwarded to the appropriate house of congress, for their referral, as it relates to, '28 U.S.C. § 1492, Congressional Reference Cases,'" for investigation.  Id. at 6.  Plaintiff, however, seems to misunderstand the nature of a congressional reference case in this court. Pursuant to 28 U.S.C. § 1492, Congress may refer a matter to this court—this court does not refer matters to Congress.  See 28 U.S.C. § 1492 (stating, in relevant part, that "[a]ny bill, except a bill for a pension, may be referred by either the House of Congress to the chief judge of the United States Court of Federal Claims for a report").  As such, congressional review is not a form of relief this court has the authority to grant, and the court need not consider plaintiff's alternative request in this regard.

contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).

To invoke this court's jurisdiction, plaintiff bears the burden of establishing by a preponderance of the evidence that his claims are based upon the Constitution, a statute, or a regulation that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." United States v. Mitchell, 463 U.S. 206, 217 (1983) (quoting United States v. Testan, 424 U.S. 392, 400 (1976)); see also Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). In reviewing plaintiff's allegations in support of jurisdiction, the court must presume all undisputed facts are true and construe all reasonable inferences in plaintiff's favor. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800, 814-15 (1982); Reynolds, 846 F.2d at 747 (citations omitted).

"A court may and should raise the question of its jurisdiction sua sponte at any time it appears in doubt." Arctic Corner, Inc. v. United States, 845 F.2d 999, 1000 (Fed. Cir. 1988) (citation omitted). If the court determines that it lacks subject-matter jurisdiction, it must dismiss the complaint. See RCFC 12(h)(3).

IV.    Analysis

    A.    This Court Lacks Subject-Matter Jurisdiction

This court lacks jurisdiction to consider plaintiff's claims for three reasons. First, this court is not authorized to consider claims alleging the violation of constitutional rights that are not money-mandating. In his complaint, plaintiff alleges the violation of a variety of his constitutional rights but has not alleged that any of the invoked constitutional provisions are money-mandating. See ECF No. 1 at 27-28 (claiming that the federal courts violated his rights under various amendments to the United States Constitution, including the right "to petition the Government for redress of grievances" under the First Amendment, the right to due process under the Fifth Amendment, and the right to be free from "cruel and unusual punishment," the right to a jury trial under the Seventh Amendment, and the right to "equal protection" under the Fourteenth Amendment). This court lacks jurisdiction to consider such claims. See Spain v. United States, 277 F. App'x 988, 989 (Fed. Cir. 2008) (holding that claims based on violations of constitutional rights that are not money-mandating, such as due process rights under the Fifth and Fourteenth Amendments and the right to equal protection, do not fall within this court's jurisdiction); Trafny v. United States, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (affirming this court's dismissal of plaintiff's claim for cruel and unusual punishment, holding that "The Court of Federal Claims does not have jurisdiction over claims arising under the Eighth Amendment, as the Eighth Amendment "'is not a money-mandating provision'"); United States v. Connolly, 716 F.2d 882, 887 (Fed. Cir. 1983) (holding that this court lacks jurisdiction based on First Amendment); Abbas v. United States, 124 Fed.

3

Cl. 46, 55 (2015), aff'd, 842 F.3d 1371 (Fed. Cir. 2016) ("This Court does not possess jurisdiction to adjudicate claims brought pursuant to the Seventh Amendment.").

To the extent that plaintiff means to allege claims against individual federal officials, this court likewise lacks jurisdiction.  "The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials." Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997).  Indeed, allegations of "wrongful conduct by governmental officials in their official capacity are tort claims over which the United States Court of Federal Claims does not have jurisdiction." Sindram v. United States, 67 Fed. Cl. 788, 792 (2005) (citing 28 U.S.C. § 1346(b)).

Finally, this court lacks jurisdiction to collaterally review the actions of federal district or appellate courts.  As described above, the gravamen of this complaint is plaintiff's dissatisfaction with the proceedings in the United States District Court for the Northern District of Illinois and the United States Court of Appeals for the Seventh Circuit.  The Tucker Act, however, does not give this court jurisdiction to consider the merits of a collateral attack on those proceedings. See 28 U.S.C. § 1491(a); see, e.g., Shinnecock Indian Nation v. United States, 782 F.3d 1345, 1352 (Fed. Cir. 2015) ("Binding precedent establishes that the Court of Federal Claims has no jurisdiction to review the merits of a decision rendered by a federal district court."); Vereda, Ltda. v. United States, 271 F.3d 1367, 1375 (Fed. Cir. 2001) ("The Court of Federal Claims 'does not have jurisdiction to review the decisions of district courts.'") (quoting Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994).  In order to challenge such proceedings, a plaintiff must rely on "the statutorily defined appellate process." Shinnecock, 782 F.3d at 1353 (citation omitted).

For these reasons, the court lacks jurisdiction to consider plaintiff's claims.

B.     Transfer Is Not Warranted

Because the court has concluded that it lacks jurisdiction in this case, it must consider whether transfer to a court with jurisdiction is in the interests of justice:

> [w]henever a civil action is filed in [this] court . . . and [this] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed . . .

28 U.S.C. § 1631.  "Transfer is appropriate when three elements are met:  (1) the transferring court lacks subject matter jurisdiction; (2) the case could have been filed in the court receiving the transfer; and (3) the transfer is in the interests of justice." Brown v. United States, 74 Fed. Cl. 546, 550 (2006) (citing 28 U.S.C. § 1631)."

4

The court has already addressed the first requirement for transfer, finding that it lacks jurisdiction.  With regard to the second requirement, the court notes that on the civil cover sheet submitted with his complaint, plaintiff states that he resides in Lincoln, Illinois.  See ECF No. 1-2 at 1.  Lincoln, Illinois is located within the boundaries of the Central District of Illinois; as such, plaintiff could have filed this case in the United States District Court for the Central District of Illinois.  See 28 U.S.C. § 1391(b)(1).

As to the final requirement, the court finds that transferring this case would not serve the interests of justice.   "The phrase 'if it is in the interest of justice' relates to claims which are nonfrivolous and as such should be decided on the merits."  Galloway Farms, Inc. v. United States, 834 F.2d 998, 1000 (Fed. Cir. 1987) (citing Zinger Constr. Co. v. United States, 753 F.2d 1053, 1055 (Fed. Cir. 1985)).  The decision to transfer "rests within the sound discretion of the transferor court, and the court may decline to transfer the case '[i]f such transfer would nevertheless be futile given the weakness of plaintiff's case on the merits.'"  Spencer v. United States, 98 Fed. Cl. 349, 359 (2011) (quoting Faulkner v. United States, 43 Fed. Cl. 54, 56 (1999)).

Plaintiff's complaint is not a model of clarity, but appears to center around plaintiff's treatment in relation to an allegedly fraudulent parole warrant.  See ECF No. 1 at 11-25.  As noted above, plaintiff alleges that a number of actions connected to that warrant violated various of his constitutional rights.  See id. at 27-28.  Plaintiff raised the same or related claims in the earlier litigation referenced in the complaint, and has exhausted the appellate process for those claims.  See Willis v. Ross, 12-cv-1939, 2017 WL 1196964 (N.D. Ill. Mar. 31, 2017), aff'd as modified, 745 Fed. App'x 629 (7th Cir. 2019), cert. denied, 139 S. Ct. 2031 (2019) (dismissing plaintiff's complaint for failure to state a claim).  Plaintiff cannot circumvent the finality of that process by filing the same claims in another court.  As such, the court finds that transferring this case is not in the interest of justice.

C.    Plaintiff's Motion for Leave to Proceed In Forma Pauperis

Plaintiff forwarded with his complaint the $402 filing fee along with a motion for leave to proceed IFP.  Plaintiff's application to proceed IFP is incomplete, as he failed to answer all of the questions on the form.  See ECF No. 2 at 2.  Additionally, plaintiff is barred from proceeding IFP pursuant to 28 U.S.C. § 1915(g).  Section 1915(g) reads as follows:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may

be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff's complaints in at least three prior cases were filed while he was incarcerated and were dismissed for failure to state a claim.  See, e.g., Willis (#N-73578) v. Madigan, et al., Case No. 17-cv-8107, ECF No. 11 (N.D. Ill. Mar. 5, 2018) (dismissing plaintiff's complaint for failure to state a claim); Willis (N-73578) v. Ross, et al., 12-cv-1939, ECF No. 182 (N.D. Ill. Sept. 29, 2017) (dismissing complaint for failure to state a claim); Willis (#N-73578) v. Guzman, 13-c-0250, ECF No. 5 (N.D. Ill. Feb. 4, 2013) (dismissing plaintiff's complaint for failure to state a claim).  Thus, under the terms of § 1915(g), plaintiff may only proceed IFP upon a showing that he is "under imminent danger of serious physical injury," which he has not offered.  See ECF No. 2.  For these reasons, plaintiff's motion for leave to proceed IFP is denied.

V.      Conclusion

        Accordingly, for the foregoing reasons:

        (1)     Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2, is **DENIED**; and

        (2)     The clerk's office is directed to **ENTER** judgment for defendant **DISMISSING** plaintiff's complaint for lack of subject-matter jurisdiction, without prejudice, pursuant to RCFC 12(h)(3).

        IT IS SO ORDERED.

                                                    s/*Patricia E. Campbell-Smith*
                                                    PATRICIA E. CAMPBELL-SMITH
                                                    Judge