# In the United States Court of Federal Claims

No. 21-2170C

(E-Filed: June 24, 2022)

**NOT FOR PUBLICATION**

| | |
|---|---|
| BENNY LEE WILLIS, ) ) Plaintiff, ) ) v. ) ) THE UNITED STATES, ) ) Defendant. ) | Motion for Reconsideration; RCFC 59(a). |

ORDER

On March 14, 2022, plaintiff filed a motion for reconsideration of this court's January 6, 2022 order dismissing this case. See ECF No. 10 (motion for reconsideration); ECF No. 8 (January 6, 2022 order of dismissal). Pursuant to the court's March 15, 2022 order, see ECF No. 12, defendant filed a response to plaintiff's motion on April 14, 2022, see ECF No. 13. For the following reasons, plaintiff's motion for reconsideration is **DENIED**.

I.   Background

In his complaint, plaintiff focuses on decisions dismissing, and affirming the dismissal of, plaintiff's previously filed complaint by the United States District Court for the Northern District of Illinois and the United States Court of Appeals for the Seventh Circuit. See ECF No. 1 at 1. He claims the courts committed fraud by issuing decisions with "fabricated evidence," including a "cancelled criminal arrest warrant," and that in doing so, the courts violated plaintiff's constitutional rights. Id. at 1-2; see id. at 27-28 (claiming that the federal courts violated his rights under various amendments to the United States Constitution, including the right "to petition the Government for redress of grievances" under the First Amendment, the right to due process under the Fifth Amendment, and the right to be free from "cruel and unusual punishment," the right to a jury trial under the Seventh Amendment, and the right to

"equal protection" under the Fourteenth Amendment).

Plaintiff requested that this court exercise its "'equity jurisdiction'" to adjudicate his claims, and demanded compensation in the amount of $36.5 million. See id. at 26 (asking the court to exercise its equitable jurisdiction), 27-28 (demanding $1.5 million in four paragraphs for a total of $6 million), 28 (demanding an additional $3.5 million in two paragraphs for a total of $7 million); 29 (demanding an additional $2.5 million in one paragraph and an additional $10.5 million in a second paragraph); 30 (demanding an additional $3.5 in three paragraphs for a total of $10.5 million).

The court held that it lacked jurisdiction to consider plaintiff's claims for three reasons: (1) "[f]irst, this court is not authorized to consider claims alleging the violation of constitutional rights that are not money-mandating," and plaintiff did not allege the violation of any such rights, ECF No. 8 at 3; (2) "[t]o the extent that plaintiff means to allege claims against individual federal officials, this court likewise lacks jurisdiction," id. at 4; and (3) "this court lacks jurisdiction to collaterally review the actions of federal district or appellate courts," id. Therefore, the court dismissed the case for lack of subject matter jurisdiction. See id. at 6.

Plaintiff now seeks reconsideration of that order. See ECF No. 10.

II.     Legal Standards

Rule 59(a) of the Rules of the United States Court of Federal Claims (RCFC) governs motions for reconsideration, and provides that rehearing or reconsideration may be granted:

> (A) for any reason for which a new trial has heretofore been granted in an action at law in federal court; (B) for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court; or (C) upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States.

RCFC 59(a)(1).

The court, "in its discretion, 'may grant a motion for reconsideration when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice.'" Biery v. United States, 818 F.3d 704, 711 (Fed. Cir. 2016) (quoting Young v. United States, 94 Fed. Cl. 671, 674 (2010)). Motions for reconsideration must be supported "'by a showing of extraordinary circumstances which justify relief.'" Caldwell v. United States, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (quoting Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 300 (1999), aff'd, 250 F.3d 762 (Fed. Cir. 2000)). Such a motion, however, "'may

2

not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)). In addition, "a motion for reconsideration is not intended . . . to give an 'unhappy litigant an additional chance to sway' the court." Matthews v. United States, 73 Fed. Cl. 524, 525 (2006) (quoting Froudi v. United States, 22 Cl. Ct. 290, 300 (1991)).

III.    Analysis

In his motion, plaintiff seeks reconsideration of the court's decision dismissing this case because:

> justice require[]s that, the court reconsider if, rather or not, his complaint no. "21c2170" establishes the "preponderance of evidence" required to show, plaintiff's entitlement to compensation from the federal Government for constitutional damages inflicted upon him by federal officials who, while acting their official capacity committed malfeasance, in case no., "12c1939" redressable by way of the court announcement made in "Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics."

ECF No. 10 at 2. Plaintiff contends that this court "share[s] concurrent jurisdiction with district courts around the United States" to resolve such claims. Id. In support of these arguments, plaintiff largely reiterates the claims he alleged in his complaint including allegations that he was the victim of fraud committed by government officials acting in their official capacity and that various of his constitutional rights were violated in the context of a separate court proceeding. See id. at 2-4; ECF No. 10-1 (Statement of Facts/Memorandum of Law filed in support of plaintiff's motion).

It appears to the court that plaintiff has a fundamental—even if good-faith—misunderstanding of this court's jurisdiction. As the court explained in its order of dismissal, it simply does not have the authority to consider the claims alleged by plaintiff in his complaint. See ECF No. 8 at 3-4. The exercise of subject-matter jurisdiction is not discretionary. See RCFC 12(h)(3) (stating that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action") (emphasis added).

Plaintiff presents no change in controlling law, newly discovered evidence, or legal or factual error that would justify reconsideration in this case. Biery, 818 F.3d at 711. Nor has plaintiff alleged any circumstances that could fairly be understood as extraordinary. Caldwell, 391 F.3d at 1235. As such, plaintiff has failed to make a legally sufficient showing to justify reconsideration of this court's January 6, 2022 order of dismissal, ECF No. 10.

IV. Conclusion

Accordingly, for the foregoing reasons, plaintiff's motion for reconsideration, ECF No. 10, is **DENIED**.

IT IS SO ORDERED.

s/*Patricia E. Campbell-Smith*
PATRICIA E. CAMPBELL-SMITH
Judge